# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BML REC LLC | Civil Action No. 8:22-cv-00050 |
| Plaintiff, | |
| v. | **GOOD BANANA LLC'S ANSWER** |
| GOOD BANANA LLC | **TO FIRST AMENDED COMPLAINT** |
| Defendant. | |

Defendant, Good Banana LLC (the "Defendant"), hereby responds to Plaintiff's First Amended Complaint as follows:

## PARTIES

1. Defendant is without knowledge or information sufficient to admit or deny the allegations contained in this paragraph and therefore they are denied.

2. Defendant admits that it is a Connecticut limited liability company. Defendant denies the remainder of the allegations in paragraph 2.

## JURISDICTION AND VENUE

3. Paragraph 3 calls for a legal conclusion to which no response is required. To the extent a response is required, the allegations in paragraph 3 are denied.

4. Paragraph 4 calls for a legal conclusion to which no response is required. To the extent a response is required, the allegations in paragraph 4 are denied.

5. Defendant denies the allegations contained in this paragraph 5.

6. Paragraph 6 calls for a legal conclusion to which no response is required. To the extent a response is required, the allegations in paragraph 6 are denied.

7. Paragraph 7 calls for a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that a Connecticut federal court dismissed its claims against Plaintiff for lack of personal jurisdiction. The remainder of the allegations in paragraph 7 are denied.

## FACTUAL BACKGROUND

8. Defendant admits that Steve Wampold ("Mr. Wampold") founded BigMouth Inc. Defendant denies the remainder of the allegations in paragraph 8.

9. Defendant admits that Mr. Wampold entered into an asset purchase agreement on behalf of BigMouth CT with BigMouth Inc. and BigMouth LLC. Defendant denies the remainder of the allegations in paragraph 9.

10. Defendant admits the allegations contained in this paragraph 10.

11. Defendant admits the allegations contained in this paragraph 11.

12. Defendant is without sufficient information to admit or deny the allegations of paragraph 12 and therefore they are denied.

13. Defendant admits that he left his employment with BigMouth IN on June 30, 2018. Defendant denies the remainder of the allegations in paragraph 13.

14. Defendant denies the allegations contained in this paragraph 14.

15. Defendant denies the allegations contained in this paragraph 15.

16. Defendant denies the allegations contained in this paragraph 16.

17. Paragraph 17 purports to characterize a written document, which document speaks for itself. To the extent a further response is required, Defendant denies the allegations in paragraph 17.

18. Paragraph 18 purports to characterize a written document, which document speaks for itself. To the extent a further response is required, Defendant denies the allegations in paragraph 18.

19. Paragraph 19 purports to characterize a written document, which document speaks for itself. To the extent a further response is required, Defendant denies the allegations in paragraph 19.

20. Defendant denies the allegations contained in the introductory portion of paragraph 20.

    a. Paragraph 20(a) purports to characterize a written document, which document speaks for itself. To the extent a further response is required, Defendant denies the allegations in paragraph 20(a).

    b. Paragraph 20(b) purports to characterize a written document, which document speaks for itself. To the extent a further response is required, Defendant denies the allegations in paragraph 20(b).

    c. Paragraph 20(c) purports to characterize a written document, which document speaks for itself. To the extent a further response is required, Defendant denies the allegations in paragraph 20(c).

    d. Paragraph 20(d) purports to characterize a written document, which document speaks for itself. To the extent a further response is required, Defendant denies the allegations in paragraph 20(d).

    e. Paragraph 20(e) purports to characterize a written document, which document speaks for itself. To the extent a further response is required,

Defendant denies the allegations in paragraph 20(e).

 f. Paragraph 20(f) purports to characterize a written document, which document speaks for itself. To the extent a further response is required, Defendant denies the allegations in paragraph 20(f).

 g. Paragraph 20(g) purports to characterize a written document, which document speaks for itself. To the extent a further response is required, Defendant denies the allegations in paragraph 20(g).

21. Defendant denies the allegations contained in this paragraph 21.

22. Defendant denies the allegations contained in this paragraph 22.

23. Defendant denies the allegations contained in this paragraph 23.

24. Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph 24 and therefore they are denied.

25. Defendant admits the allegations contained in this paragraph 25.

26. Defendant admits the allegations contained in this paragraph 26.

27. Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph 27 and therefore they are denied.

28. Paragraph 28 purports to characterize a written document, which document speaks for itself. To the extent a further response is required, Defendant denies the allegations in paragraph 28.

29. Defendant admits that Mr. Wampold incorporated Holy Cow Holdings LLC on or about July 19, 2017 in Connecticut and that Holy Cow Holdings LLC is currently dissolved. Defendant admits that Mr. Wampold created the first iteration of Good Banana LLC on or about

September 24, 2019 in Connecticut, and that it was administratively dissolved. Defendant denies the remainder of the allegations in paragraph 29.

30. Defendant denies that Mr. Wampold, Good Banana, and/or HolyCow had manufactured, marketed, offered for sale, and/or sold products that included the Floaties Designs which Plaintiff had purchased from BigMouth IN through the APA. Defendant is without sufficient information to either admit or deny the remainder of the allegations contained in this paragraph 30 and therefore they are denied.

31. Defendant admits that its counsel received a cease and desist letter from Plaintiff. Defendant denies the remainder of the allegations in paragraph 31.

32. Defendant denies the allegations contained in this paragraph 32.

33. Defendant denies the allegations contained in this paragraph 33.

34. Defendant denies the allegations contained in this paragraph 34.

35. Defendant denies that it marketed or sold any BigMouth IN designs that Plaintiffs purchased in the Asset Purchase Agreement. Defendant is without sufficient information to either admit or deny the remainder of the allegations contained in the introductory portion of this paragraph and therefore they are denied.

    a. Defendant is without sufficient information to either admit or deny that the Donut graphic/design is one of BigMouth IN's most iconic and valuable assets and therefore it is denied. Defendant denies the remainder of the allegations in paragraph 35(a).

    b. Defendant denies the allegations contained in paragraph 35(b).

36. Defendant denies the allegations contained in this paragraph 36.

37. Defendant denies the allegations contained in this paragraph 37.

38. Defendant denies the allegations contained in this paragraph 38.

39. Defendant denies the allegations contained in this paragraph 39.

40. Defendant denies the allegations contained in this paragraph 40.

## FIRST CAUSE OF ACTION
(*Misappropriation of Trade Secrets under*
*The Federal Defend Trade Secrets Act*, **18 U.S.C. § 1836** *et seq.*)

41. Defendant repeats and realleges its responses to Paragraphs 1 through 40 as if fully set forth herein.

42. Paragraph 42 calls for a legal conclusion to which no response is required. To the extent a response is required, the allegations in paragraph 42 are denied.

43. Paragraph 43 calls for a legal conclusion to which no response is required. To the extent a response is required, the allegations in paragraph 43 are denied.

44. Paragraph 44 calls for a legal conclusion to which no response is required. To the extent a response is required, the allegations in paragraph 44 are denied.

45. Paragraph 45 purports to characterize a written document, which document speaks for itself. To the extent a further response is required, Defendant denies the allegations in paragraph 45.

46. Defendant denies the allegations contained in this paragraph 46.

47. Defendant denies the allegations contained in this paragraph 47.

48. Defendant denies the allegations contained in this paragraph 48.

49. Defendant denies the allegations contained in this paragraph 49, including the allegations contained within subparts (a) through (g).

50. Defendant denies the allegations contained in this paragraph 50.

51. Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph 51 and therefore they are denied.

52. Defendant denies the allegations contained in this paragraph 52.

53. Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph 53 and therefore they are denied, including the allegations contained within subparts (a) and (b).

54. Defendant denies the allegations contained in this paragraph 54.

55. Defendant denies the allegations contained in this paragraph 55.

56. Defendant denies the allegations contained in this paragraph 56.

57. Defendant admits that Plaintiff sent Defendant's counsel a purported cease and desist letter. Defendant denies the remainder of the allegations in paragraph 57.

58. Defendant denies the allegations contained in this paragraph 58.

59. Defendant denies that it is owned by Holy Cow LLC and that Holy Cow LLC is owned by Mr. Wampold. Defendant denies the remainder of the allegations in paragraph 59.

60. Defendant admits that it filed a lawsuit in the United States District Court for the District of Connecticut against Plaintiff. Defendant denies the remainder of the allegations in paragraph 60.

61. Defendant denies the allegations contained in this paragraph 61.

62. Defendant denies the allegations contained in this paragraph 62.

63. Defendant denies the allegations contained in this paragraph 63.

## SECOND CAUSE OF ACTION
### (*Misappropriation of Trade Secrets under Nebraska's Trade Secrets Act,* Ned. Rev. Stat. § 87-501 *et seq*.)

64. Defendant repeats and realleges its responses to Paragraphs 1 through 63 as if fully set forth herein.

65. Paragraph 65 calls for a legal conclusion to which no response is required. To the extent a response is required, the allegations in paragraph 65 are denied.

66. Paragraph 66 calls for a legal conclusion to which no response is required. To the extent a response is required, the allegations in paragraph 66 are denied.

67. Defendant denies the allegations contained in this paragraph 67.

68. Defendant denies the allegations contained in this paragraph 68.

69. Defendant denies the allegations contained in this paragraph 69.

70. Defendant denies the allegations contained in this paragraph 70, including the allegations contained within subparts (a) through (g).

71. Defendant denies the allegations contained in this paragraph 71.

72. Defendant denies the allegations contained in this paragraph 72.

73. Paragraph 73 purports to characterize a written document, which document speaks for itself. To the extent a further response is required, Defendant denies the allegations in paragraph 73.

74. Defendant denies the allegations contained in this paragraph 74.

75. Defendant denies the allegations contained in this paragraph 75.

76. Defendant denies the allegations contained in this paragraph 76.

77. Defendant denies the allegations contained in this paragraph 77.

78. Defendant denies the allegations contained in this paragraph 78.

## THIRD CAUSE OF ACTION
### (*Trademark/Trade Dress Infringement*)

79. Defendant repeats and realleges its responses to Paragraphs 1 through 78 as if fully set forth herein.

80. Plaintiff's third cause of action was dismissed with prejudice. See ECF No. 26. To the extent a further response is required, Defendant denies the allegations in this paragraph 80.

81. Plaintiff's third cause of action was dismissed with prejudice. See ECF No. 26. To the extent a further response is required, Defendant denies the allegations in this paragraph 81.

82. Plaintiff's third cause of action was dismissed with prejudice. See ECF No. 26. To the extent a further response is required, Defendant denies the allegations in this paragraph 82.

83. Plaintiff's third cause of action was dismissed with prejudice. See ECF No. 26. To the extent a further response is required, Defendant denies the allegations in this paragraph 83.

84. Plaintiff's third cause of action was dismissed with prejudice. See ECF No. 26. To the extent a further response is required, Defendant denies the allegations in this paragraph 84.

85. Plaintiff's third cause of action was dismissed with prejudice. See ECF No. 26. To the extent a further response is required, Defendant denies the allegations in this paragraph 85.

86. Plaintiff's third cause of action was dismissed with prejudice. See ECF No. 26. To the extent a further response is required, Defendant denies the allegations in this paragraph 86.

87. Plaintiff's third cause of action was dismissed with prejudice. See ECF No. 26. To the extent a further response is required, Defendant denies the allegations in this paragraph 87.

88. Plaintiff's third cause of action was dismissed with prejudice. See ECF No. 26. To the extent a further response is required, Defendant denies the allegations in this paragraph 88.

89. Plaintiff's third cause of action was dismissed with prejudice. See ECF No. 26. To the extent a further response is required, Defendant denies the allegations in this paragraph 89.

90. Plaintiff's third cause of action was dismissed with prejudice. See ECF No. 26. To the extent a further response is required, Defendant denies the allegations in this paragraph 90.

91. Plaintiff's third cause of action was dismissed with prejudice. See ECF No. 26. To the extent a further response is required, Defendant denies the allegations in this paragraph 91.

92. Plaintiff's third cause of action was dismissed with prejudice. See ECF No. 26. To the extent a further response is required, Defendant denies the allegations in this paragraph 92.

93. Plaintiff's third cause of action was dismissed with prejudice. See ECF No. 26. To the extent a further response is required, Defendant denies the allegations in this paragraph 93.

## FOURTH CAUSE OF ACTION
(*Unfair Competition–Neb. Rev. Stat. § 59-1602 et seq. and Common Law*)

94. Defendant repeats and realleges its responses to Paragraphs 1 through 93 as if fully set forth herein.

95. Plaintiff's fourth cause of action was dismissed with prejudice. See ECF No. 26. To the extent a further response is required, Defendant denies the allegations in this paragraph 95.

96. Plaintiff's fourth cause of action was dismissed with prejudice. See ECF No. 26. To the extent a further response is required, Defendant denies the allegations in this paragraph 96.

97. Plaintiff's fourth cause of action was dismissed with prejudice. See ECF No. 26. To the extent a further response is required, Defendant denies the allegations in this paragraph 97.

98. Plaintiff's fourth cause of action was dismissed with prejudice. See ECF No. 26. To the extent a further response is required, Defendant denies the allegations in this paragraph 98.

99. Plaintiff's fourth cause of action was dismissed with prejudice. See ECF No. 26. To the extent a further response is required, Defendant denies the allegations in this paragraph 99.

100. Plaintiff's fourth cause of action was dismissed with prejudice. See ECF No. 26. To the extent a further response is required, Defendant denies the allegations in this paragraph 100.

101. Plaintiff's fourth cause of action was dismissed with prejudice. See ECF No. 26. To the extent a further response is required, Defendant denies the allegations in this paragraph 101.

**FIFTH CAUSE OF ACTION**
**(Deceptive Trade Practices–Neb. Rev. Stat. § 87-301 et seq.)**

102. Defendant repeats and realleges its responses to Paragraphs 1 through 101 as if fully set forth herein.

103. Plaintiff's fifth cause of action was dismissed with prejudice. See ECF No. 26. To the extent a further response is required, Defendant denies the allegations in this paragraph 103.

104. Plaintiff's fifth cause of action was dismissed with prejudice. See ECF No. 26. To the extent a further response is required, Defendant denies the allegations in this paragraph 104.

105. Plaintiff's fifth cause of action was dismissed with prejudice. See ECF No. 26. To the extent a further response is required, Defendant denies the allegations in this paragraph 105.

106. Plaintiff's fifth cause of action was dismissed with prejudice. See ECF No. 26. To the extent a further response is required, Defendant denies the allegations in this paragraph 106.

107. Plaintiff's fifth cause of action was dismissed with prejudice. See ECF No. 26. To the extent a further response is required, Defendant denies the allegations in this paragraph 107.

108. Plaintiff's fifth cause of action was dismissed with prejudice. See ECF No. 26. To the extent a further response is required, Defendant denies the allegations in this paragraph 108.

FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant has not used and is not using any of Plaintiff's confidential, proprietary, and/or alleged trade secret information.

THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to state with specificity what information it claims to be a trade secret and any information does not constitute trade secrets under the Federal Defend Trade Secrets Act or Nebraska's Trade Secrets Act.

FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims alleging misappropriation of trade secrets are barred, in whole or in part, because Plaintiff did not take reasonable steps to protect its alleged trade secrets.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the information on which those claims are based was readily ascertainable by proper means and is not confidential, proprietary, or trade secret information.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims alleging misappropriation of trade secrets are barred, in whole or in part, because Defendant did not obtain any alleged trade secrets or confidential or proprietary information by improper means.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims alleging misappropriation of trade secrets are barred, in whole or in part, because the alleged trade secrets or confidential information lack independent economic value.

## EIGHTH AFFIRMATIVE DEFENSE

Mr. Wampold did not breach an enforceable agreement with Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims must fail as a matter of law, in whole or in part, because there is no privity of contract between the Plaintiff and the Defendant.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's only contractual relation was with the receiver appointed to oversee and liquidate BigMouth IN and that agreement excluded any rights to enforce any contractual agreements between the Defendant and BigMouth IN.

## ELEVENTH AFFIRMATIVE DEFENSE

The Receiver appointed to oversee and liquidate BigMouth IN made no representations as to the intellectual property belonging to BigMouth IN and Plaintiff cannot enforce any rights or obligations against the Defendant that were waived and/or agreed to by BigMouth IN.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of wavier and/or estoppel.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because they are frivolous, brought in bad faith, and/or brought for an improper purpose and/or were brought without reasonable inquiry.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because it has not suffered any damage as a result of the allegations in the First Amended Complaint.  In the alternative, if Plaintiff has been harmed as alleged (and denied), the harm was caused in whole or in part by Plaintiff's own actions or inactions and Plaintiff, therefore, is not entitled to relief.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot establish that Defendant caused the harm for which Plaintiff seeks redress.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the equitable doctrine of unclean hands.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive relief under any theory, including without limitation, because any injury to Plaintiff is not immediate or irreparable, Plaintiff has an adequate remedy at law, the balance of hardships does not warrant a remedy in equity, and/or the public interest would be disserved by an injunction.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant acted in good faith at all relevant times.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff has waived, in whole or in part, its right to maintain the claims set forth in the First Amended Complaint.

## **RESERVATION OF DEFENSES**

Defendant reserves the right to amend or supplement its Answer. Defendant has not knowingly or intentionally waived any applicable defenses and reserves the right to assert and rely upon all other applicable defenses that may become available or apparent throughout the course of this action. Defendant continues to investigate this matter and reserves the right to amend or seek to amend its Answer to assert any additional defenses that come to light upon further investigation and discovery. Assertion of a defense is not a concession that Defendant has the burden of proving the matter asserted.

Dated this 6th day of September 2022.

GOOD BANANA LLC, Defendant.

By: */s/ Marnie A. Jensen*
    Marnie A. Jensen (#22380)
    David A. Lopez (#24947)
    Kamron Hasan (#25494)
    HUSCH BLACKWELL LLP
    13330 California St., Ste. 200
    Omaha, NE 68154
    Telephone: (402) 964-5000
    Facsimile: (402) 964-5050
    marnie.jensen@huschblackwell.com
    dave.lopez@huschblackwell.com
    kamron.hasan@huschblackwell.com

    *Attorneys for Good Banana LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of September 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which served all counsel of record.

*/s/ Marnie A. Jensen*